**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| MILTON RIDER, : | |  |
| : | Civil No. 06-2287 (FSH) |
| Petitioner, : | |
| : | |
| v. : | |
| : | **OPINION** |
| STATE OF NEW JERSEY, et al., : | |
| : | |
| Respondents. : | |

**APPEARANCES:**

    MILTON RIDER, Petitioner <u>pro</u> <u>se</u>
    #209867
    Bayside State Prison
    Box F-1
    4293 Route 47
    Leesburg, New Jersey 08327

**HOCHBERG, District Judge**

    This matter is before the Court on the petition of Milton Rider ("Rider") for habeas corpus relief under 28 U.S.C. § 2254, challenging his state court conviction and sentence, namely the imposition of an extended term based on a conviction in a foreign state. For the reasons set forth below, the Court will transfer this petition to the United States Court of Appeals for the Third Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A), because this is a second or successive habeas petition under § 2254.

I.  BACKGROUND

On or about July 31, 1987, Rider was convicted and sentenced to an extended term of 50 years in prison with a 25-year parole disqualifier.  The extended term was requested by the Bergen County Prosecutor based on a 1971 Canadian conviction.  (Petition, Statement of Facts, ¶¶ 1, 2).

On April 26, 2005, the United States Supreme Court held that held that the "convicted in any court" element of the federal felon-in-possession-of-firearm statute excludes convictions entered in foreign courts.  Small v. United States, 544 U.S. 385, 391-92 (2005).  Rider now asserts that, based on the recent Supreme Court decision in Smalls, his 1971 Canadian conviction cannot be used to enhance or extend his prison sentence.  He further alleges that his maximum term on his state court conviction without the extended term expired in 2000.  Rider filed this habeas petition on May 3, 2006.[1]

---

[1] The petition was not received by the Clerk's Office until May 19, 2006.  However, pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1998) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Although the Court is unable to determine from the face of the petition the exact date that Rider handed his petition to prison officials for mailing, Rider signed the petition on May 3, 2006.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1998) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).

However, the Court notes that Rider had filed an earlier § 2254 habeas petition challenging the very same state court conviction on March 21, 2003. <u>Milton v. State of New Jersey</u>, Civil No. 03-1249 (JAG). This first habeas petition was denied by the district court, for failure to make a substantial showing of a federal statutory or constitutional violation, by Opinion and Order filed on October 3, 2005. <u>See</u> <u>Milton v. State of New Jersey</u>, Civil No. 03-1249 (JAG)(Docket Entry No. 18). Rider did not raise the claim asserted in the instant petition in his earlier application for § 2254 habeas relief.

Rider states that he has exhausted his available state court remedies with respect to this issue regarding the extended term. He seeks his immediate release from Bayside State Prison on the grounds that his extended term is unconstitutional and in violation of federal law and his maximum term has since expired.

## II.   <u>ANALYSIS</u>

A.   <u>Sua Sponte Dismissal</u>

"Habeas corpus petitions must meet heightened pleading requirements." <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." <u>See</u> 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.   Petitioner's Claim for Habeas Relief

Here, Rider contends that he is entitled to habeas relief under § 2254, based on a recent Supreme Court decision that purportedly renders his extended term unlawful.

Pursuant to 28 U.S.C. § 2244(b)(2), a claim presented in a second or successive § 2254 petition that was not presented in an earlier § 2254 petition must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(b)(2)(A), (B).

Moreover, the district court lacks jurisdiction to review a second or successive habeas petition under § 2254 unless the appropriate court of appeals has issued an order authorizing the district court to consider the application.  28 U.S.C. § 2244(B)(3)(A).  Therefore, Rider cannot proceed with his second or successive § 2254 habeas petition in this Court and his petition should be dismissed for want of jurisdiction.

Nevertheless, whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  Thus, a second or successive § 2254 petition in this instance may be brought in the district of conviction only if the applicable Court of Appeals, *i.e.*, the Third Circuit, has authorized such filing.  28 U.S.C. § 2244(b)(3)(A).

Here, under the circumstance presented, where Rider raises an issue that was not earlier presented in his first habeas petition based on a recent Supreme Court decision that purportedly negates his extended prison term, this Court finds that it is in the interest of justice to transfer this matter to the Third Circuit for determination as to whether the second or successive petition satisfies the requirements under 28 U.S.C. § 2244(b)(2).

III.   CONCLUSION

For the reasons set forth above, the petition will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 2244(b)(3), and the Clerk will be directed to effectuate the transfer, serve this Order upon the parties, and close the file accordingly.  An appropriate order follows.


    /s/ Faith S. Hochberg  
United States District Judge

Dated:  May 31, 2006

6